IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SOCIAL POSITIONING INPUT SYSTEMS, LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>GURTAM, INC.,<br><br>    Defendant. | Civil Action<br><br>No. 1:21-cv-10638-WGY<br><br>Judge William G. Young<br><br>***Electronically Filed*** |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT**

Defendant, Gurtam Inc. ("Defendant"), answers the individually numbered paragraphs of the Complaint of Plaintiff, Social Positioning Input Systems, LLC, ("Plaintiff"), and asserts Affirmative Defenses as follows:

**PARTIES AND JURISDICTION**

1. Defendant admits that Plaintiff's Complaint purports to raise an action for patent infringement and that such an action would arise under the patent laws of the United States, Title 35 of the United States Code. Defendant denies that any cause of action exists or that infringement has occurred.

2. Defendant admits that this Court has subject matter jurisdiction. Defendant denies that any cause of action exists or that infringement has occurred.

3. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 3 of Plaintiff's Complaint. Defendant further does not understand what is meant by the term "virtual office." Therefore, the allegations are specifically denied.

4. Defendant is Gurtam Inc. Defendant admits the remaining allegations of Paragraph 4.

5. The allegations contained in Paragraph 5 of Plaintiff's Complaint are conclusions of law to which no response is required.  Defendant does not dispute that it is subject to personal jurisdiction in this Court.  Defendant denies that it has committed acts of patent infringement in this District or any other District.

6. Defendant denies that its "instrumentalities that are alleged . . . to infringe" are offered for sale in this District in that the accused instrumentalities are not products of Defendant.  Defendant denies that it has committed acts of patent infringement in this District or any other District.

## VENUE

7. The allegations contained in Paragraph 7 of Plaintiff's Complaint are conclusions of law to which no response is required.  To the extent a response is deemed required, Defendant admits only that it has an established place of business in this District and is incorporated in this District's state.  All other allegations, including that Defendant has committed acts of infringement and that Plaintiff has suffered harm in this District, are specifically denied.

## COUNT I
## (INFRINGEMENT OF U.S. PATENT NO. 9,261,365)

8. Defendant incorporates its responses to Paragraphs 1 - 7 of Plaintiff's Complaint as if set forth herein in their entirety.

9. Defendant admits that Plaintiff's Complaint purports to raise an action for patent infringement and that such an action would arise under the patent laws of the United States, Title 35 of the United States Code.  Defendant denies that any cause of action exists or that infringement has occurred.

10. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 10 of Plaintiff's Complaint.  Therefore, the allegations are specifically denied.

11. Defendant admits that Exhibit A to Plaintiff's Complaint appears to be a copy of the '365 Patent entitled "Device, System and Method for Remotely Entering, Storing and Sharing Addresses for a Positional Information Device."

12. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 12 of Plaintiff's Complaint. Therefore, the allegations are specifically denied. Defendant specifically denies that the '365 Patent is now, and has been at all times, valid or enforceable.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 20 of Plaintiff's Complaint. Therefore, the allegations are specifically denied.

## DENIAL OF PLAINTIFF'S PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any of the relief requested in Paragraphs (a) through (e) of the section of Plaintiff's Complaint entitled "Prayer for Relief" and deny any allegations contained therein.

## AFFIRMATIVE DEFENSES

The following defenses are raised to the extent that discovery reveals the same to be appropriate. Defendant reserves the right to allege additional defenses of which it becomes aware during the course of this action.

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

21. The Complaint, and each and every purported claim for relief therein, fails to allege facts sufficient to state a claim against Defendant, including, but not limited to, a failure to adequately plead claims for infringement against Defendant.

### SECOND AFFIRMATIVE DEFENSE
### (Noninfringement)

22. Defendant has not committed any acts of infringement and is not infringing any valid claims of the '365 Patent under any theory, including direct infringement, infringement by active inducement, or contributory infringement.

### THIRD AFFIRMATIVE DEFENSE
### (Invalidity)

23. The '365 Patent and all of the claims thereof are invalid for failure to comply with one or more of the requirements for patentability set forth in the Patent Act, 35 U.S.C. §§ 1 *et seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and/or 112.

### FOURTH AFFIRMATIVE DEFENSE
### (Estoppel)

24. Plaintiff is estopped from claiming that the '365 Patent covers any method, apparatus, or product of Defendant by virtue of the prior art and/or the prosecution history of the '365 Patent.

## FIFTH AFFIRMATIVE DEFENSE
### (Waiver, Laches, Estoppel and Acquiescence)

25.     Plaintiff's claims for damages and other relief are barred in whole or in part by the equitable doctrines of waiver, laches, estoppel and/or acquiescence due to actions and circumstances, including, but not limited to, Plaintiff's unreasonable delay in asserting the '365 Patent.

## SIXTH AFFIRMATIVE DEFENSE
### (Limitations on Damages)

26.     Plaintiff is barred from recovery of damages prior to the filing of this lawsuit under 35 U.S.C. § 287 for failure to properly mark any patented article and for failing to provide earlier notice to Defendant of the alleged infringement.

**ADDITIONAL DEFENSES, GENERAL DENIAL, AND RESERVATION OF RIGHTS**

27.     Defendant generally denies all allegations of the Complaint not expressly admitted herein.  Defendant expressly reserves the right to allege additional defenses of which it becomes aware during the court of this action.

## PRAYER FOR RELIEF

WHEREFORE, Defendant respectfully requests that the Court enter judgment in favor of Defendant and against Plaintiff, as follows:

A.      that Plaintiff take nothing by the Complaint and that the Complaint be dismissed with prejudice;

B.      that Defendant does not infringe and has not infringed any claims of the '365 Patent under any theory;

C.      that each asserted claim of the '365 Patent is invalid and/or unenforceable;

D.      that no damages shall be awarded to Plaintiff;

E.      that no costs, expenses, or attorneys' fees shall be awarded to Plaintiff;

F. that no other relief shall be awarded to Plaintiff;

G. that this case be declared exceptional pursuant to 35 U.S.C. § 285 and that attorneys' fees shall be awarded to Defendant;

H. that costs and expenses shall be awarded to Defendant; and

I. that such other and further relief as the Court deems just and proper shall be awarded to Defendant.

## JURY DEMAND

Under Federal Rule of Civil Procedure 38(b), Defendant respectfully requests a trial by jury on all matters raised in their Answer and Affirmative Defenses or in Plaintiff's Complaint.

Respectfully submitted,

**HAMILTON BROOK SMITH REYNOLDS**

Dated: June 4, 2021

/s/ Susan G. L. Glovsky
Susan G. L. Glovsky
155 Seaport Boulevard
Boston, MA 02210
617-607-5900
Susan.Glovsky@hbsr.com

*AND*

Kent E. Baldauf, Jr. (*PHV Forthcoming*)
Bryan P. Clark (*PHV Forthcoming*)
**THE WEBB LAW FIRM**
One Gateway Center
420 Ft. Duquesne Blvd., Suite 1200
Pittsburgh, PA 15222
412.471.8815
412.471.4094 (fax)
kbaldaufjr@webblaw.com
bclark@webblaw.com

*Attorneys for Defendant*

No. 1:20-cv-06433-KPF

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 4th day of June 2021, I electronically filed the foregoing **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT** with the Clerk of the Court using the CM/ECF system which sent notification to all counsel of record.

**HAMILTON BROOK SMITH REYNOLDS**

Dated: June 4, 2021

/s/ Susan G. L. Glovsky
Susan G. L. Glovsky

3380026.v1